G.T.E. Sylvania, Inc. and American Motorists Insurance Company, Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Norma E. Frey, Appellees.

Argued September 11, 1974, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Robert M. Zimmerman,* with him *Zimmerman, Lieberman & Derenzo,* for appellants.

*Charles W. Johnston, Jr.,* with him *Ira H. Weinstock, Handler, Gerber and Weinstock* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, October 25, 1974:

This is an appeal by G.T.E. Sylvania, Inc., and its insurance carrier, American Motorists Insurance Company (appellants), from the affirmance by the Workmen's Compensation Appeal Board (Board) of a referee's award of workmen's compensation benefits to Norma E. Frey (claimant).

Claimant sustained a compensable injury on March 20, 1972, but continued working until May 30, 1972. An agreement was then entered into providing for payment of compensation benefits to claimant for total disability. She returned to work on July 31, 1972 and, under date of August 2, 1972, executed a final receipt. After two and one-half weeks on the job, she again left work because of pain which she claimed was caused by her accident of March 20, 1972. She has never returned to work.

On November 1, 1972, claimant filed a claim petition with the Bureau of Workmen's Compensation.

This petition was then followed by the filing of a petition to set aside the final receipt of August 2, 1972. The two petitions were consolidated for hearing by a referee who subsequently awarded compensation on the basis of his finding that claimant was totally disabled as a result of her accident. Appellants appealed to the Board, and the Board's affirmance of the referee brought about the present appeal to this Court.

Our scope of review in this type of case in which the party having the burden of proof has prevailed below[1] is limited to a determination of whether constitutional rights were violated, an error of law was committed or any *necessary* finding of fact was not supported by substantial evidence. See *Panther Valley School District v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 178, 318 A. 2d 403 (1974).

Appellants show their awareness of our narrow review by arguing as their only contention on appeal that the referee's finding of a causal relationship between claimant's accident and her *cervical* injury is not supported by competent evidence. Although this argument is not without merit, it does not compel reversal since we conclude that this particular finding of fact was not necessary in order for the referee to decide the case as he did. As our scope of review implies, we must affirm if the *necessary* findings of fact are supported by substantial evidence.

The fatal flaw in appellants' argument is that the referee found (finding No. 8) that claimant "was totally disabled . . . from *either or both* the injury to her lumbosacral area and her cervical area." (Emphasis added.) This finding makes it irrelevant that her cervical injury was not shown to be related to her accident

---

[1] A party wishing to set aside a final receipt has the burden of showing that all disability due to the injury in fact had not terminated at the time the final receipt was given. *Rice v. A. Steiert & Sons, Inc.,* 8 Pa. Commonwealth Ct. 264, 301 A. 2d 919 (1973).

as long as a causal relationship was shown between her lumbosacral injury and her accident. Such a relationship was clearly established by the testimony of Dr. J. J. Danyo. Dr. Danyo stated unequivocally that claimant was completely disabled as a result of the injury to her lumbar disc and that this injury was a result of her accident.

Therefore, we issue the following

### ORDER

AND NOW, this 25th day of October, 1974, the order of the Workmen's Compensation Appeal Board relative to the claim of Norma E. Frey is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of Norma E. Frey and against G.T.E. Sylvania, Inc., and American Motorists Insurance Company in the amount of $60 per week, beginning August 22, 1972 and continuing thereafter for an indefinite period, and for payment of all reasonable medical expenses incurred by Norma E. Frey in connection with treatment of her injuries, together with interest at the rate of 6 percent per annum on deferred installments from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.