R. H. Johnson Construction Company and Bituminous Casualty Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Gaetano DePiano and Vigilant Insurance Company, Respondents.

Argued February 27, 1978, before Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*William G. Adamson,* with him *Rawle & Henderson,* and, of counsel, *Lowell A. Reed, Jr.,* for petitioners.

*Charles S. Katz, Jr.* and *Robert J. Shenkin,* with them *Swartz, Campbell & Detweiler; MacElree, Harvey, Gallagher & Kean, Ltd.,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE DISALLE, May 10, 1978:

This case comes before this Court upon a petition for review of an order of the Workmen's Compensation Appeal Board (Board). The order affirms a referee's decision setting aside an executed final receipt of Gaetano DePiano (Claimant).

The Claimant sustained a back injury on September 4, 1973, while working for R. H. Johnson Construction Co. (Employer). Following that incident, Claimant was paid compensation by Bituminous Casualty Insurance Co. (Bituminous), the carrier for the employer. Claimant executed a final receipt on January 16, 1974.

The Claimant returned to work with the same employer and allegedly sustained a second industrial injury on August 20, 1974. On that date, Vigilant Insurance Co. (Vigilant) was the workmen's compensation carrier for the Employer.

Claimant then filed a petition to set aside the final receipt he had signed with respect to the first injury. This petition was contested by the Employer and Bituminous. Claimant also filed a petition for compensation for the alleged second injury and this petition was defended by the Employer and Vigilant. On the petition to set aside the final receipt, the referee found in favor of the Claimant and reinstated compensation as of August 20, 1974. On the petition for compensation for the second injury, the referee dismissed as to the Employer and Vigilant, holding specifically that Claimant had not sustained a new injury on August 20, 1974. Bituminous appealed the referee's decision in favor of the Claimant on the petition to set aside the final receipt. Claimant appealed from the adverse ruling on his petition for compensation against Vigilant and the Employer.

The Board wrote one opinion with respect to both petitions. The Board sustained the referee's decision with respect to the setting aside of the final receipt, but named Vigilant instead of Bituminous on the caption of its opinion. The Board did not discuss the referee's decision dismissing the petition for compensation for the alleged second injury.

Bituminous and the Employer filed a petition for review from the Board's adverse ruling. Vigilant filed a motion to quash the appeal as to it, contending that no petition for review had been filed in the case denying Claimant's petition for compensation. The Claimant contends that the Board did not pass upon his appeal of the referee's dismissal of his petition for compensation.

After a careful reading of the entire record, and more particularly the Board's decision, we can understand the reason for the confusion as to whether or not the Board considered both of the referee's decisions in its one opinion. However, in the interest of

judicial economy, we will treat this matter as though the Board did consider both appeals in its one decision and assume that it denied Claimant's petition for compensation as to Vigilant, so that all parties to both appeals are properly before this Court. We will now address ourselves to both the Board's affirmance of the referee's decision to set aside the final receipt and the Board's denial of Claimant's petition for compensation.

Our scope of review in a case in which the party having the burden of proof has prevailed below, is limited to a determination of whether constitutional rights were violated, an error of law was committed or any necessary finding of fact was not supported by substantial evidence. *G.T.E. Sylvania, Inc. v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 378, 327 A.2d 390 (1974). A party wishing to set aside a final receipt has the burden of showing that all disability due to the injury in fact had not terminated at the time the final receipt was given. *Rice v. A. Steiert and Sons, Inc.*, 8 Pa. Commonwealth Ct. 264, 301 A.2d 919 (1973).

The referee found in the present case that the incident of August 20, 1974, was a recurrence of the original injury sustained by the Claimant on September 4, 1973. He, therefore, set aside the final receipt and dismissed Claimant's petition for compensation for the August 20, 1974, incident.

Dr. Ruggiero, an orthopedic surgeon, testified on behalf of the Claimant. The Doctor examined the Claimant on numerous occasions after he sustained the original injury on September 4, 1973. Dr. Ruggiero testified that all of Claimant's disability had not terminated at the time the final receipt was executed. Claimant was not asymptomatic after he returned to work. At the time he resumed his employment, Dr. Ruggiero had placed a work restriction on

Claimant. He recommended that Claimant take a "light" job with limited lifting requirements.

Dr. Ruggiero testified that the original injury suffered on September 4, 1973, was an acute lumbosacral sprain superimposed on spondylolisthesis and spondylolysis, both pre-existing conditions. The Doctor concluded that the second incident which occurred on August 20, 1974, was a recurrent lumbosacral sprain. A careful reading of Dr. Ruggiero's testimony and report support the referee's findings of facts and conclusions that the second incident was causally related to the original accident and was, per se, disabling. We find that there is substantial evidence present in the record to support the necessary findings of fact and we therefore conclude that the Claimant met his burden of proof to set aside the final receipt.

Since the record is devoid of any evidence which indicates that a new injury was sustained by the Claimant on August 20, 1974, we must affirm the referee's dismissal of the Claimant's petition for compensation.

ORDER

AND Now, this 10th day of May, 1978, the appeal of R. H. Johnson Construction Co. and/or Bituminous Casualty Insurance Co. is hereby dismissed and judgment is entered in favor of Gaetano DePiano, to whom compensation shall be paid at the rate of $100.00 per week beginning August 20, 1974, and continue thereafter during the continuance of the total disability, however, all within the meaning and provision of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S §1 et seq.

The award against R. H. Johnson Construction Co. and/or Bituminous Casualty Insurance Co. shall bear

interest at the rate of ten percent (10%) per annum pursuant to Section 406.1 of the Act, 77 P.S. §717.1.

All the other provisions in the Board's order are adopted within this order.

The petition for compensation of Gaetano DePiano is hereby dismissed.