Robert H. Scott, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Dravo Corporation, Respondents.

Submitted on briefs, May 7, 1979, to Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Christopher Lepore*, with him *Cooper, Lepore & Dreeland*, for petitioner.

*Scott E. Becker*, with him *Kyle and Ehrman*, for respondent.

OPINION BY JUDGE WILKINSON, JR., May 30, 1979:

This case is before us on a petition for review of an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision granting a petition to terminate benefits to petitioner. We affirm.

Petitioner had been employed as a welder by respondent, Dravo Corporation, where he sustained a work-related injury caused by the inhalation of welding fumes. A compensation agreement was entered into and compensation was paid up to October 5, 1976 when claimant was examined by respondent's physician and found able to return to work. An Affidavit of Recovery signed by the physician stating that claimant could return to work without limitation was filed with respondent's termination petition on October 19, 1976.[1]

Claimant alleges that the respondent failed to sustain his burden of proof in establishing that his physi-

---

[1] Respondent filed termination petitions in this case on April 12, 1976, October 4, 1976 and October 19, 1976. The petitions were consolidated for hearings which were held on July 7, October 18 and December 2, 1976 and on March 14 and May 10, 1977. The April 12 and October 4 petitions averred that claimant was able to return to work at his prior earnings, while the October 19, 1976 petition was based on the physician's Affidavit of Recovery. Claimant had in fact returned to work for two weeks in October, 1975, for six hours on July 2, 1976 and on September 21 and 22, 1976. He testified that on those dates when he did return to work he wore the respirator, but quit due to chest pains.

cal disability had ceased. His main contention in this regard is that the evidence of respondent established only that claimant could return to work as a welder if he wore an airline respirator while actually engaged in welding.

In a petition to terminate compensation, the employer has the burden of proving the employee's disability has ceased. *Patterson v. Lenert,* 9 Pa. Commonwealth Ct. 116, 305 A.2d 778 (1973). The referee's finding on this issue, which is binding on this Court if supported by sufficient competent evidence, is as follows:

> [Y]our referee finds as a fact that as of October 5, 1976 claimant had fully recovered from the pain in chest on breathing welding fumes injury which claimant sustained on July 8, 1975. He can perform his previous occupation of welder by wearing a respirator furnished by defendant. Claimant's chest x-rays are normal. He is a normal healthy male. Even claimant's own doctor does not presently find any pulmonary disability in claimant. If claimant does not desire to wear a respirator and does not desire to work as a welder and be subject to the inhalation of welding fumes and smoke, claimant is able to return to work at jobs which were available to him and which he is able to do.

Regarding the question of physical disability, respondent produced the testimony of three physicians who independently examined claimant and stated that in their opinion claimant suffered no continuing disabling effects or any physical disability from the July 8 injury. It was the testimony of Dr. R. F. Peters, respondent's Corporate Medical Director, that as of the date of his examination, October 5, 1976, claimant was able to return to work as a welder, provided he used an air

respirator to avoid inhalation of welding fumes and prevent re-injury. Respondent also introduced the testimony of the plant safety director and respondent's manager of industrial relations who testified as to the use of the respirator at the barge shop in the boat yard where claimant worked. This testimony established that the half-mask respirator to be used by claimant met applicable federal safety standards and that it was similar to and had a common air supply with respirators used by workers engaged in spray painting in the barge shop. Our review of the record shows only minimal evidence to support claimant's contention that the respirator is unsafe, *i.e.*, the testimony of claimant's physician that a spark could be carried through the air hose leading to the respirator. This testimony was contradicted by that of respondent's safety director and thus became an issue of fact for the referee to resolve. It is clear from the above quoted portion of the referee's decision that he found the evidence supported the conclusion the use of the respirator was a reasonable device for use by claimant in his work.

Having concluded the evidence supports the referee's finding that claimant's disability had ceased as of October 5, 1976, we also reject claimant's contention that respondent improperly terminated benefits as of that date. *See* Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §774.

Accordingly, we will enter the following

ORDER

AND Now, May 30, 1979, the order of the Workmen's Compensation Appeal Board, at Docket No. A-73509, dated July 20, 1978, is hereby affirmed.