Jones & Laughlin Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Andrew Sotak, Respondents.

496

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioner.

*Mark T. Wade,* with him *William T. Allison, Jr.,* and *Patrono, Ceisler, Edwards & Pettit,* for respondents.

OPINION BY JUDGE ROGERS, June 22, 1979:

Jones & Laughlin Steel Corporation has appealed from a Workmen's Compensation Appeal Board order affirming a referee's decision setting aside a final receipt executed by Andrew Sotak, and reinstating disability payments to Sotak under a supplemental compensation agreement.

Sotak suffered an accident in the course of his employment with Jones & Laughlin on December 8, 1974 when the locomotive he was operating hit a bump,

throwing Sotak backwards and causing him to strike his head on pipes and switch boxes located in the cab. At various times during the year following Sotak's accident, the parties entered into three separate compensation agreements after each of which Sotak signed a final receipt. On January 29, 1976, Sotak filed a claim petition with the Bureau of Occupational Injury and Disease Compensation. Fifteen days later, he signed a final receipt stating that he had received a total of $772.27 in compensation benefits covering a total of seven weeks and two days for various periods of temporary total disability and that he had returned to work on June 26, 1975 without loss of earning power. Sotak thereafter amended his claim petition filed January 29, 1976 so as to request that the final receipt be set aside. After hearing, the referee, as we have noted, set the receipt aside and reinstated compensation. The Board affirmed and this appeal followed.

In an action to set aside a final receipt under Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1001, the claimant has the burden of conclusively proving that all disability attributable to the prior accident has not, in fact, terminated. Where the party with the burden of proof has prevailed before the referee, as Sotak did here, and where the Board has not taken additional evidence, our review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary findings of fact made by the referee were unsupported by substantial evidence. *Workmen's Compensation Appeal Board v. Universal Cyclops Specialty Steel Division of Cyclops Corp.*, 20 Pa. Commonwealth Ct. 261, 341 A.2d 223 (1975).

Jones & Laughlin contends that Sotak's medical evidence was not unequivocal and did not therefore establish the necessary causal connection between his

December 8, 1974 accident and his condition of total disability. We do not agree. In the report submitted by Dr. Bertrand L. Stolzer, Sotak's treating physician, he states: "Certainly the injury which he sustained has aggravated the muscular discomfort. We feel that he does have a fibromyositis which is related to trauma, plus psychophysiologic factors and also his underlying degenerative joint disease." This evidence sufficiently supports the referee's findings. It is true that the record also contains medical evidence which is favorable to Jones & Laughlin. But it is for the referee not us to make the choice thus presented. *Ray-O-Vac Company v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 47, 321 A.2d 731 (1974).

Order affirmed.

### ORDER

AND Now, this 22nd day of June, 1979, the Board's order affirming the referee's action in setting aside the final receipts signed by Andrew Sotak on July 10, 1975 and February 13, 1976 is affirmed. Judgment is entered in favor of Andrew Sotak and against Jones & Laughlin Steel Corporation. Jones & Laughlin Steel Corporation is ordered to pay the claimant the sum of $106.00 per week commencing February 28, 1976 and continuing indefinitely thereafter in accordance with the provisions of The Pennsylvania Workmen's Compensation Act in force on that date. This award shall bear interest on deferred payments at the rate of ten percent per annum.

Jones & Laughlin Steel Corporation is further ordered to pay the medical expenses incurred by claimant as follows:

| | |
|---|---|
| Centerville Clinic | $446.00 |
| Dr. Thomas C. Hohmann | 70.00 |
| Dr. H. M. Margolis Associates | 569.00 |

Jones & Laughlin Steel Corporation is further ordered to deduct $2100.00 from deferred compensation due the claimant and pay said amount directly to the attorney for the claimant.