Leedpak, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Anna I. Yocum, Respondents.

Argued June 7, 1979, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Charles E. Wasilefski*, with him *Hurwitz, Klein, Benjamin & Angino*, for petitioner.

*John S. Davidson*, with him *Pennebaker, Yost & Davidson*, for respondent.

OPINION BY JUDGE MENCER, October 17, 1979:

Anna I. Yocum (claimant) injured her right hand during the course of her employment with Leedpak, Inc., on January 22, 1975 and subsequently entered into a compensation agreement. On March 4, 1976, claimant signed a final receipt but did not return to

work. After one petition to set aside the final receipt was dismissed for failure to present medical evidence, claimant filed a second petition on December 2, 1976. The referee denied the petition to set aside; however, the Workmen's Compensation Appeal Board (Board) reversed, set aside the final receipt, and remanded to give Leedpak an opportunity to show that work was available.[1] Leedpak appeals. We reverse.

The issue before us is whether the Board erred in concluding, in essence, that the referee capriciously disregarded competent evidence establishing the requisite proof for setting aside the final receipt, thereby reversing the referee's conclusion that the claimant failed to meet her burden of proof.

The party seeking to set aside a final receipt has the burden of showing by clear and convincing evidence that "all disability due to the injury in fact had not terminated" at the time the final receipt was signed. *Kerchner v. Materials Transport Service, Inc.,* 29 Pa. Commonwealth Ct. 589, 592, 372 A.2d 51, 53 (1977), quoting from Section 434 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001; *R. H. Johnson Construction Co. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 338, 385 A.2d 1035 (1978).

The referee concluded that claimant had not met her burden of proof based upon his finding that there was no positive medical evidence to show that her continuing disability was the result of the January 22, 1975 injury.

---

[1] While ordinarily a remand order is interlocutory and unappealable, where, as in this case, we find that the Board's action is based on a clear error of law and would necessitate prolonged and fruitless proceedings, we will allow the appeal. *See Flynn v. Aston Hill Manufacturing Co.,* 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978). Additionally, in this case there was no motion to quash.

In reversing the referee, the Board incorrectly stated that, on a petition to set aside a final receipt, a presumption exists that the continuing disability in claimant's right hand is the result of the injury which is the subject of the compensation agreement and the claimant need not trace the continuing disability to the injury. There is no authority for this in the law. Section 434 of the Act clearly provides that it is "disability *due to the injury*" (emphasis added) which must be shown by the person seeking to set aside the final receipt. This clearly establishes that claimant must show not only a continuing disability but also a disability resulting from and caused by the injury which formed the basis for the obligation in the compensation agreement.

After carefully reviewing the record, we find that, while there is evidence of a continuing disability in claimant's right hand, there is no competent medical evidence relating the disability to the original injury and there is insufficient evidence of an obvious relationship between the disability and injury to obviate the need for medical evidence.

Dr. William J. Albright III, providing the only medical evidence, testified that the injury of January 22, 1975 "could have produced" the disability found in claimant's right hand after she had signed the final receipt. No more certain medical evidence of a causal relation was presented. Since Dr. Albright's testimony is equivocal and based on possibilities, it fails to meet the test for legally competent medical evidence and thus will not support a finding that claimant's disability resulted from her accident and injury of January 22, 1975. *See Ricciardi v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 316, 383 A.2d 571 (1978).

In addition, the evidence does not establish that claimant's disability was the obvious result of the

original injury, *i.e.*, that it was immediately and directly, or naturally and probably, the result of the accident, such that medical testimony was not required to establish the causal connection. *See Yellow Cab Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 337, 390 A.2d 880 (1978). Claimant testified that her disability due to the original injury had never ceased. Dr. Albright observed that before the accident claimant's hand was fine, whereas after the accident her hand seemed to atrophy and movement caused pain.[2] While this suggests a natural connection between disability and injury, we cannot conclude that there is an obvious causal relationship, because Dr. Albright did not see claimant until almost eleven months after the accident and there is *no* evidence regarding the nature of the injury and the extent of disability suffered on January 22, 1975.

Without an obvious connection between the disability suffered when the final receipt was signed and the original injury, and without competent medical evidence on the issue, the referee correctly concluded that claimant had failed to meet her burden of showing that her disability was due to the injury and did not capriciously disregard evidence. The Board, in concluding otherwise, erred.

Therefore, we enter the following

## ORDER

AND Now, this 17th day of October, 1979, the order of the Workmen's Compensation Appeal Board, dated July 13, 1978, is reversed, and the petition to set aside final receipt of Anna I. Yocum is dismissed.

---

[2] The record shows that Dr. Albright did not examine or treat claimant's right hand until August 1976, although he had observed the condition of the hand on two previous occasions when treating unrelated problems. There is testimony, however, that claimant received treatment for her right hand prior to that received from Dr. Albright.