Robert Birk, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Climate Equipment Company, Respondents.

Argued April 6, 1981, before Judges Mencer, Blatt and MacPhail, sitting as a panel of three.

*Jerome L. Cohen, Cohen, McCall, Rowlands & Geist,* for petitioner.

*George A. Spohrer, Hourigan, Kluger & Spohrer,* for respondents.

OPINION BY JUDGE BLATT, June 8, 1981:

The petitioner, Robert Birk, challenges the determination of the Workmen's Compensation Appeal Board (Board) that he is not totally disabled.

In March of 1977, while employed as an air conditioning mechanic, the petitioner suffered a work-related back injury and he and his employer entered into a Notice of Compensation payable whereby he received total disability benefits. In December of 1977, the employer filed a petition to terminate those benefits and, after a hearing at which both sides produced medical testimony, the referee found that the petitioner's disability had ceased on June 5, 1978, and the petition to terminate benefits was granted as of that date. On appeal, the Board affirmed the referee's decision and this petition for review followed.

It is claimed that the referee capriciously disregarded competent evidence by ignoring the testimony of the petitioner's medical witness. The petitioner asserts that his doctor's testimony was more credible than that of the employer's medical expert because his witness had an ongoing and immediate familiarity with the petitioner's condition and his doctor's medical opinion was based upon a more complete and appropriate set of x-rays than those used by the employer's medical witness.

Initially we must note that our proper scope of review in this case is to determine whether substantial competent evidence exists to support the referee's findings, not whether the referee was guilty of capricious disregard of evidence. The employer had the burden of proving that the petitioner's disability had ended, *Scott v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 109, 401 A.2d

548

880 (1979), and, where the party with the burden of proof has prevailed below, our review is limited to determining whether or not constitutional rights are violated, there has been an error of law or a necessary finding of fact is not supported by substantial evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

The record indicates that the employer's medical witness testified that he had examined the petitioner three times from August of 1977 to June 5, 1978, that on all of these occasions he could find no objective signs of a continuing injury to the petitioner's back, that x-rays revealed nothing unusual and that as of June 5, 1978 the petitioner had no disability and could undertake his prior occupation without restriction.

It is axiomatic that this Court must defer to the referee's conclusion that the employer's medical testimony was the more credible evidence presented, *Foster Wheeler Energy Corp. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 473, 417 A.2d 1334 (1980), and inasmuch as we believe that there is substantial evidence to support the referee's decision, we will affirm the termination of benefits.

ORDER

AND Now, this 8th day of June, 1981, the order of the Workmen's Compensation Appeal Board granting the petition to terminate benefits in the above-captioned matter is affirmed.

AND IT IS FURTHER ORDERED that judgment be entered in favor of Robert Birk against Climate Equipment Company and/or Royal Globe Insurance Company in the amount of one hundred thirty-five dollars ($135.00) for medical expenses as provided in the order of the referee in the above-captioned matter.