Pasquale Charmley and American States Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Thomas E. Hartzog, Jr., Respondents.

Submitted on briefs, April 10, 1981, to Judges
BLATT, WILLIAMS, JR. and MacPHAIL, sitting as a panel
of three.

*Donald R. Rigone, Fisher, Long & Rigone,* for petitioners.

*John Solomon,* for respondents.

OPINION BY JUDGE WILLIAMS, JR., June 24, 1981:
Pasquale Charmley (employer) and American
States Insurance Company (insurer) appeal from an
Order of the Workmen's Compensation Appeal Board
(Board) which affirmed a referee's decision granting
the petition of Thomas E. Hartzog, Jr. (claimant) to
set aside a final receipt.

The claimant is a plumber who suffered a back injury while working for the employer on October 7,
1977. This injury resulted in surgical removal of a
herniated disc in February, 1978. As a result of this
injury and the attendant surgery, claimant received
compensation, pursuant to a notice of compensation
payable, from October 15, 1977, until January 19, 1979.
It was on January 19, 1979, that the final receipt in
question was executed.

The claimant returned to full employment with the employer on January 22, 1979. After working for approximately a week as a laborer, he experienced a recurrence of his back pains. Claimant's pains were of such severity that he was forced to cease working on January 30, 1979, and to resume treatment with Dr. Douglas T. Corwin, the physician who had performed the claimant's original surgery in February, 1978.

On March 30, 1979, claimant filed a petition to set aside the final receipt of January 19, 1979. The petition alleged that claimant's original back injury had been severely aggravated by "heavy work consisting of ditch digging"; that he was unable to work; and that he was continuing treatment with Dr. Corwin, which treatment included hospitalization and the wearing of a back brace. Two hearings on the petition were held before a referee; after which the referee granted claimant's petition. The referee found that claimant again became totally disabled on January 30, 1979, as a result of a recurrence of his original injury of October 7, 1977; and that all of claimant's disability due to the October 7, 1977 injury had not terminated at the time claimant executed the final receipt in question on January 19, 1979.

The employer's insurer appealed the referee's decision to the Board, which affirmed. This appeal from the Board's Order followed.

A claimant who seeks to set aside a final receipt has the burden of proving conclusively, by clear and convincing evidence, that all disability attributable to the prior injury had not in fact terminated at the time the final receipt was executed. *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 227, 412 A.2d 694 (1980); *Leedpak, Inc. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 512, 406 A.2d 1193 (1979). It is the contention of the instant employer and its insurer, appellants

herein, that the claimant herein has failed to carry his burden. We disagree.

To carry his burden, the claimant introduced the deposition testimony of Dr. Corwin. Dr. Corwin testified that although claimant's symptoms had ceased as of January 19, 1979, the date on which the final receipt was executed, the claimant upon returning to work had attempted to perform the ordinary duties of his job as a laborer and was unable to do so. Counsel for appellants, on cross-examination, elicited the following from Dr. Corwin:

Q. Doctor, if you assume that what I have told you about his testimony is correct, that he was involved in catching a cast iron radiator and that later he was digging a ditch that was frozen by using a metal bar to pound the ground to break it apart, would that affect your opinion or change your opinion as to his injury, as to whether it was simply a re-occurrence of the prior condition or whether these two incidents were what caused him to again have back pain or to have back pain and come back and see you?

A. It doesn't change my opinion at all.

Q. Do you think that these two incidents had nothing to do with his re-occurrence of the back pain?

A. I look upon these two incidents that you described as part of this individual's regular job. This is the kind of work he does for a living and prior to his ruptured disk, this sort of activity he probably did every day and it didn't bother him a bit, but with the previous injury it seems to me that that man is more likely to have recurrences of back pain than somebody who has never had a back problem. *My thinking about this is that I sent this man back to do his*

*job and he just couldn't do it.* (Emphasis added.)

We agree with the Board that this unrefuted testimony of the claimant's treating physician is sufficient to establish that all disability attributable to the claimant's October 7, 1977 injury had not in fact terminated on January 19, 1979; and the Board's Order affirming the referee's decision to set aside the final receipt of January 19, 1979 is therefore affirmed in all particulars.

ORDER

AND Now, the 24th day of June, 1981 the Order of the Workmen's Compensation Appeal Board, entered June 12, 1980, at Docket No. A-78278, is affirmed.