U. S. Fidelity & Guaranty Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bruce Allen Smith, Respondents.

Argued October 9, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Raymond F. Keisling, Will & Keisling,* for petitioner.

*Amiel J. Caraman, Jr.,* with him *Alexander J. Pentecost,* for respondent, Bruce Allen Smith.

OPINION BY JUDGE CRAIG, December 15, 1981:

In this workmen's compensation appeal, the petitioner questions the board's affirmance of the referee's decision to set aside a final receipt, thus allowing further compensation on the basis that claimant, an insurance adjuster, remained totally disabled.

The claimant had been injured in the course of his employment when his automobile was struck from behind on September 28, 1971. Between the time of the accident and his dismissal in January, 1973, claimant missed a total of four weeks of work due to the injury. In October, 1973, claimant had surgery to correct degenerative damage to the cervical spine.

By agreement, claimant received compensation until he signed a final receipt March 15, 1974. The employer opposed claimant's petition of January, 1976 to set aside the final receipt.

The referee found that claimant's total disability persisted after March 15, 1974, due to a "chronic and severe" anxiety reaction directly related to the accident.

To set aside a final receipt, there must be clear and convincing evidence that "all disability due to the injury in fact had not terminated at the time the final receipt was signed." *Leedpak, Inc. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 512, 514, 406 A.2d 1193 (1979).

Claimant's physician's testimony was that claimant had cervical disc degenerative disease before the accident, but that the accident was the main aggravating factor causing the physical disability, even though other automobile accidents in which claimant had been involved may have been minor aggravating factors. The physician also noted that the claimant suffered depression resulting from the operation, which had been only partly successful.

A psychiatrist, engaged by the employer to examine the claimant, testified that claimant was "incapable" of work, and that claimant's fear of further surgery for correction of the remaining cervical problems was a significant contributing factor to a "chronic and severe" anxiety reaction. Although the employer points to some questions expressed by the psychiatrist, the psychiatric testimony was not inconsistent with the medical testimony, both indicating disability directly related to the accident or to the surgical consequences of it.

The employer also relies upon a letter of a psychologist who had examined claimant, identifying, in

his opinion, a psychologic dysfunction antedating the accident as the cause of claimant's total disability. His view was that the probability of the accident causing the dysfunction was of little significance.

The task of resolving conflicts in medical testimony lies solely with the referee[1] and the referee in this case, as to causation, believed the testimony of claimant's physician and the psychiatrist and chose to attach little weight to the conflicting opinion of the psychologist.

We cannot say that the referee's findings are not supported by substantial evidence,[2] including the psychiatrist's testimony supplied by the employer, as well as the opinions from the claimant's physician. Although the physician's testimony touched upon the possibility of light work, the referee was also entitled to find that the disability was total, in view of the agreement of both the psychiatrist and psychologist on that point. Therefore, we affirm the decision of the board.

ORDER

Now, December 15, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-77290, dated December 7, 1979, is affirmed and employer's appeal dismissed. Accordingly, it is ordered that compensation be reinstated and that judgment be entered in favor of claimant Bruce Allen Smith and against U.S. Fidelity & Guaranty Company, self-insured, in the following amounts:

1. Weekly compensation is reinstated at the rate of $60 per week commencing on March

---

[1] *City of Hazleton v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978).

[2] *Jones and Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 58, 384 A.2d 1046 (1978).

15, 1974, and continuing indefinitely into the future.

2. Claimant is to pay to his attorney a fee of 20% of the compensation awarded to the claimant in this case.

3. Accrued compensation shall bear interest at the rate of 10%, from the date accrued.

In addition to the foregoing, U.S. Fidelity & Guaranty Company shall be responsible for the claimant's Bill of Costs which is as follows:

1. John B. Blakeley, M.D., deposition testimony — $150.00
2. Transcript of Dr. Blakeley's deposition — 56.50
3. Transcript of Dr. Shoemaker's deposition — 18.40