Harold Jamison Trucking, Petitioner *v.* Workmen's Compensation Appeal Board (William Galusha), Respondents.

Submitted on briefs in Special Session to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Joseph P. Lenahan, Lenahan & Dempsey,* for petitioner.

*Perry S. Patterson,* for respondent, William Galusha.

OPINION BY JUDGE BLATT, October 1, 1982:

Harold Jamison Trucking (Jamison) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order which granted claimant William Galusha's petition to set aside a final receipt.

On October 24, 1977, the claimant, an over-the-road truck driver, fell from a flat bed trailer and sustained a lower back injury. He received benefits from that time until he executed a final receipt on July 26, 1978, but he then filed a petition on June 20, 1980 to set aside final receipt alleging that he experienced what his doctors have described as a recurrence of his original injury in December of 1979. The referee, believing that the claimant established by unequivocal, clear and convincing medical evidence that all disability attribu-

table to the original injury had not terminated when the final receipt was executed,[1] granted the claimant's petition to set aside the final receipt, ordering that benefits be reinstated commencing January 2, 1978. The Board affirmed and this appeal followed.

Where, as here, the party with the burden of proof prevails below, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence in the record. *Birk v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 546, 430 A.2d 386 (1981).

Jamison first argues that the claimant failed to prove by clear and convincing evidence that he suffered a recurrence of his original injury or that he was still disabled at the time when he signed the final receipt. Our close review of the record, however, discloses ample testimony by the claimant's medical experts, based upon examinations subsequent to the signing of a final receipt, to the effect that the claimant's disability caused by the initial injury never actually terminated and had continued on an intermittent, but totally disabling, basis. We believe this to constitute unequivocal and substantial evidence, *Akers Central Motor,* and the fact that the employer's expert testified to the contrary does not make it any less substantial. The referee was the ultimate fact-finder and could accept or reject testimony and decide what weight it should be given. *Shemanski v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 527, 434 A.2d 847 (1981); *Bethlehem Mines Corp.*

---

[1] *Akers Central Motor Lines v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 185, 403 A.2d 206 (1979) (burden on claimant to prove that all disability attributable to the initial injury had not terminated when the final receipt was signed).

*v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 541, 423 A.2d 479 (1980).[2]

Jamison next argues that the referee and the Board erred in awarding benefits as of January 2, 1978, alleging that the claimant had worked up until December 1, 1979. The record discloses, however, evidence that, although the claimant did attempt other work after signing the final receipt, he was eventually forced to abandon such attempts[3] at gainful employment because of the recurrence of his initial injury. When a claimant establishes that the execution of a final receipt was improper, it is treated as if it is no longer in the case, and we cannot say, therefore, that the referee and Board erred in awarding benefits as of January 2, 1978. *See U. S. Fidelity & Guaranty Co. v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 191, 437 A.2d 1272 (1981); *United States Steel Corporation v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 352, 407 A.2d 464 (1979); 2 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, §6.33 (1975).

Accordingly, we will affirm the Board's order.

### ORDER

AND Now, this 1st day of October, 1982, the order of the Workmen's Compensation Appeal Board in the

---

[2] Inasmuch as we conclude that the testimony of the claimant's experts constitutes substantial evidence which would support the referee's findings, we need not address Jamison's contention that the referee and the Board incorrectly summarized its expert's testimony in concluding that such evidence would, in addition to that given by the claimant's expert, support a finding that at the time final receipt was signed the initial disability continued to exist.

[3] The record shows and the referee found that the claimant attempted to return to work as a truck driver but was unable to do so due to his lower back condition, and that his next attempt was as a self-employed junk-radiator and copper tubing salvager, work which he was also unable to do because of his back problems. The claimant has not attempted further employment since December of 1979.

above-captioned matter is affirmed and it is ordered that judgment be entered in favor of claimant William Galusha and against petitioner Harold Jamison Trucking in the amount of $99.50 per week, beginning January 2, 1978, and continuing to an indefinite time in the future within the terms and limitations of The Pennsylvania Workmen's Compensation Act. Additionally, it is ordered that the petitioner pay to Guthrie Clinic of the Robert Packer Hospital $70; to Dr. Ronald Callenberger $100; and to court reporter Carlton Swetland $31.

Petitioner is further directed to deduct 20% of this award and pay that amount to claimant's counsel, Perry S. Patterson, Esquire.