James W. Hultberg, Sr., Petitioner *v.* Workmen's Compensation Appeal Board (Warren County School District), Respondents.

Argued February 2, 1983, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Ronald W. Folino*, with him, *Harry K. Thomas, Knox, Graham, McLaughlin, Gornall and Sennett, Inc.*, for petitioner.

*Robert L. Saunders*, with him, *Richard W. Mutzabaugh, Mutzabaugh & Saunders*, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 19, 1983:

James Hultberg appeals a Workmen's Compensation Appeal Board order reversing a referee's decision to set aside a final receipt and reinstating total disability benefits. We affirm.

Hultberg, a Warren County School District employee, sustained injuries in the course of his employment when he fell while de-icing a sidewalk. Hultberg received total disability benefits from February 22, 1979, until his return to work on June 18, 1979. He signed a final receipt on June 22, 1979. In November, 1979, Hultberg stopped working because of severe

back pain. He petitioned[1] to set aside the final receipt in March of 1980. The Board, in reversing the referee's decision to reinstate benefits, held that the evidence failed to establish a causal connection between the November disability and original injury.

In an action to set aside a final receipt under Section 434 of The Pennsylvania Workmen's Compensation Act,[2] the claimant must prove, by clear and convincing evidence, that all disability attributable to the prior injury had not in fact terminated at the time the final receipt was executed. *Charmley v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 186, 430 A.2d 1225 (1981). Where the party with the burden of proof has prevailed before the referee, and where the Board has not taken additional evidence, our review is limited to determining whether constitutional rights were violated, an error of law was committed, or any necessary findings of fact were unsupported by substantial evidence. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 495, 402 A.2d 727 (1979).

It is well settled that, where no obvious causal relationship exists between the employee's injury and an alleged accident, unequivocal medical testimony is needed to establish that causal connection. *Pines Plaza Lanes v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 139, 433 A.2d 165 (1981). Hultberg contends that his medical witness' testimony was clear and convincing proof that his disability had not terminated when he executed the final receipt and further that it unequivocally established the causal connection between his disability and the prior injury. We disagree.

[1] Claimant filed a claim petition, which was properly treated as a petition to set aside a final receipt by the referee and Board.

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.

At the hearing, Dr. Peters stated:

Q. And based on what he [claimant] told you, taking as true what he told you when he first came to see you concerning the fall at the school, is this condition then the result of that fall?

A. Well, it very well can be. Now I have no way of knowing that he didn't go home and fall somewhere else.

Q. No, I said taking as true what he told you.

A. With the findings we have, yes, it could very well be related to the fall. This kind of fall can give you this kind of problem.

Q. But the question I am asking, which for Workmen's Compensation we have to know, is if you would take his story as true that he fell that day, that that's when the pain started and he came to you, then if you believe his version, could you state then in your medical opinion that that condition we now see is the result of that?

A. I think so. See, he already had arthritis and he aggravated it with the fall, and arthritis is a progressive thing so over the year, year and a half, he has probably developed what we frequently refer to as a traumatic arthritis which continues as time goes on.

On cross-examination, Dr. Peters was questioned:

Q. In your opinion now Mr. Hultberg cannot return to work. Is it that he cannot or that he will not return to work?

A. I don't think he can return to work with the amount of pain he is having.

Q. And there is no way you can state categorically and within a reasonable degree of medical certainty that the pain and disability

that he is now experiencing is a direct result of this accident as opposed to the pre-existing arthritis condition?

A. No, but we do know that an injury frequently aggravates a pre-existing arthritis, which makes it worse and it just progresses.

This evidence is not clear and convincing proof that Hultberg's disability had not, in fact, terminated at the time he executed the final receipt.[3] The referee's finding to the contrary is unsupported by substantial evidence. Hence, we affirm the Board's order reversing the referee and dismissing Hultberg's petition.

Affirmed.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-81080 dated September 24, 1981, is hereby affirmed.

---

[3] We acknowledge that use of the words "I think" by medical experts in expressing their opinions has been construed by the courts as unequivocal medical testimony. *See Harrisburg Housing Authority v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 413, 322 A.2d 753 (1974) ; *Hagnet v. Alan Wood Steel Co.*, 210 Pa. Superior Ct. 473, 233 A.2d 923 (1967). Notwithstanding this, we find no error in the Board's conclusion that, taken as a whole, Dr. Peters' testimony was equivocal. The mere use of the words "I think so" will not here make his testimony unequivocal.