Exxon Company, Petitioner *v.* Workmen's Compensation Appeal Board (Grdgon), Respondent.

Submitted on briefs March 11, 1985, to Judge MAC-PHAIL and Senior Judges BLATT and BARBIERI, sitting as a panel of three.

*J. Lawson Johnston, Dickie, McCamey & Chilcote,* for petitioner.

*Vincent J. Quatrini, Jr.,* for respondent, Robert W. Grdgon.

OPINION BY JUDGE MACPHAIL, April 25, 1985:

This is an appeal by Exxon Company, U.S.A. (Employer) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Robert W. Grdgon (Claimant). We affirm.

On January 2, 1979, Claimant was injured when the truck he was driving overturned. He was paid compensation pursuant to a Notice of Compensation Payable dated January 17, 1979. On February 15, 1979, Claimant returned to work with the understanding that he would be given light work. At that time, Claimant signed a Supplemental Agreement and a Final Receipt. Employer immediately discharged Claimant.

On July 16, 1979, Claimant filed a Petition to Set Aside the Final Receipt. At the hearing, the referee found that Claimant was induced to sign the Final Receipt by misrepresentation and that Claimant was

still suffering some residual disability as a result of his January 2, 1979 injury. The referee set aside the Final Receipt, finding Claimant totally disabled from January 2, 1979 to May 1, 1980, at which time he found Claimant able to return to work. The Board affirmed.

Employer filed a Petition for Rehearing which was granted. On December 3, 1980, the Board reaffirmed the decision of the referee. The instant appeal followed.

In a workmen's compensation case where, as here, the party with the burden of proof prevailed below and the Board did not take additional evidence, this Court's review is limited to a determination of whether constitutional rights were violated, an error of law committed, or findings of fact were unsupported by substantial evidence. *Birk v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 546, 430 A.2d 386 (1981). As the party who prevailed below, Claimant is entitled to the benefit of the most favorable inferences to be drawn from the evidence. *Yellow Freight System v. Workmen's Compensation Appeal Board (McGill),* 72 Pa. Commonwealth Ct. 500, 456 A.2d 1160 (1983).

In this appeal, Employer contends that (1) there is no evidence that Claimant was induced to sign the Final Receipt by misrepresentation and that (2) there is no evidence that Claimant was still disabled when he signed the Final Receipt.

Claimant's uncontradicted testimony as to the signing of the Final Receipt amply supports the referee's findings. Claimant testified that when he returned to work on February 15, 1979, Employer informed him that before he could return, some papers would have to be signed. Employer indicated that these papers would take him off compensation and put him back on the payroll. These papers turned out to be a Final Receipt and a Supplemental Agreement

which stated that the Claimant and Employer agreed that Claimant's disability had changed so that he was capable of returning to work and carrying out his employment duties. Immediately after Claimant signed these documents, he was fired. The Employer presented no evidence to refute Claimant's testimony. Under these circumstances, we have no difficulty in sustaining the referee's finding that Claimant was induced to sign the Final Receipt by misrepresentation.[1]

In order to be entitled to the relief sought, Claimant had to show that some disability still existed at the time he signed the Final Receipt. *Kerchner v. Materials Transport Service, Inc.*, 29 Pa. Commonwealth Ct. 589, 372 A.2d 51 (1977). Claimant must show by sufficient credible competent evidence that all disability attributable to the January 2, 1979 accident had not terminated when he signed the Final Receipt on February 15, 1979. *See Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.)*, 86 Pa. Commonwealth Ct. 28, 483 A.2d 593 (1984). The referee found that Claimant met this burden with the deposition testimony of Claimant's doctor, Dr. Jay Peterson. Dr. Peterson, based upon examinations subsequent to the signing of the Final Receipt, testified that Claimant had a ruptured disc which was caused by the accident of January 2, 1979, and that prior to May of 1980, Claimant could not have returned to his former job responsibilities. We believe this to constitute unequivocal and substantial evidence. *See H. Jamison Trucking v. Workmen's Compensation Appeal Board (Galusha)*, 69 Pa. Commonwealth Ct. 251,

---

[1] The fact that Employer secured a Supplemental Agreement at the same time it procured the Final Receipt indicates that Employer was aware that Claimant's disability had not terminated. *See Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Krause)*, 77 Pa. Commonwealth Ct. 420, 465 A.2d 1342 (1983).

450 A.2d 797 (1982) (testimony based on examination subsequent to signing of Final Receipt satisfies claimant's burden). The record reveals that Employer offered no medical evidence to rebut that given by Dr. Peterson. "Questions concerning credibility of witnesses, the resolution of conflicts in the testimony, and the weight to be given the evidence are matters for determination by the referee, not this Court." *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 227, 229, 412 A.2d 694, 695 (1980). Accordingly, we affirm the decision of the Board.

### ORDER

The decision of the Workmen's Compensation Appeal Board at No. A-82203, dated December 3, 1980, is affirmed.