Janice DiCamillo, Appellant, *v.* City of Philadelphia and Workmen's Compensation Appeal Board, Appellee.

Argued October 11, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Robert A. Sand,* for appellant.

*Nicholas Panarella, Jr.,* with him *James M. Penny, Jr.,* Assistant City Solicitor, *Raymond Kitty,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellees.

OPINION BY JUDGE ROGERS, November 22, 1974:

This is an appeal by Janice DiCamillo, a workmen's compensation claimant, from an order of the Common Pleas Court of Philadelphia affirming an order of the Workmen's Compensation (Appeal) Board reversing a referee's award of benefits.

Since the Board's decision was rendered prior to the May 1, 1972 effective date of the amendments to Section 423 of the Workmen's Compensation Act by the Act of February 8, 1972, P. L. , No. 12, and the Act of March 29, 1972, P. L. , No. 61, 77 P.S. §854 (Supp. 1974-1975), the Board could, as it did here, disregard the referee's findings of fact and substitute its own. *Rice v. A. Steiert & Sons, Inc.,* 8 Pa. Commonwealth Ct. 264, 301 A. 2d 919 (1973).

Where the decision of the Workmen's Compensation authorities is adverse to the party having the burden of proof, our scope of review is limited to a determination whether these authorities' findings are consistent with each other and their conclusions of law and can be sustained without a capricious disregard of competent evidence. To constitute a capricious disregard there must

be a wilful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Drevitch v. Beverly Farms, Inc.*, 7 Pa. Commonwealth Ct. 1, 297 A. 2d 541 (1972).

Ms. DiCamillo was a member of the Philadelphia Police Department. On May 26, 1964, incident to her duties, she fired a 38 calibre pistol on the pistol range at the Philadelphia Police Academy. On the same day claimant experienced a ringing sensation in her ears. Shortly thereafter, she was examined by Dr. Wilfred Sundmaker, a hearing specialist at the hospital of the University of Pennsylvania. The doctor performed a physical examination and an audiogram which indicated a loss of hearing in both of claimant's ears. At the hearing below Dr. Sundmaker testified that Ms. DiCamillo was suffering from acoustic trauma caused by the incident of May 26, 1964. Dr. Austin Smith, who testified on behalf of the City, stated that the gunfire neither caused nor aggravated claimant's hearing problem. It was his opinion, based on the extent of the claimant's hearing loss and the fact that her hearing had deteriorated progressively, that Ms. DiCamillo was afflicted with otosclerosis.[1] The Board was thus confronted by conflicting medical testimony. Its acceptance of the City's evidence was within its competence, and the rejection of the claimant's evidence was not in capricious disregard of competent evidence. *Stringe v. S & S Maintenance Co.*, 8 Pa. Commonwealth Ct. 619, 303 A. 2d 874 (1973).

Affirmed.

---

1 Otosclerosis is defined as a condition marked by the growth of spongy bone around the delicate structures situated at the junction of the middle ear with the inner ear. The result is a gradual loss of hearing. The cause is unknown but may be related to vitamin deficiency or a mild, lingering inflammation of the parts involved. *J. E. Schmidt, M.D., Attorney's Dictionary of Medicine* (1974).