Marvin L. Kerchner and Workmen's Compensation Appeal Board *v.* Materials Transport Service, Inc., Appellant.

Argued February 3, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*David G. Welty,* for appellant.

*John R. Greisamer,* with him *Dean L. Foote,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE KRAMER, April 18, 1977:

This is an appeal by Materials Transport Service, Inc. (Materials Transport) from an order of the

Workmen's Compensation Appeal Board (Board) dated May 11, 1976. The order reversed a referee's adverse decision and granted Marvin L. Kerchner's (Kerchner) petition to set aside a final receipt and awarded him compensation for total disability. We affirm.

Kerchner was employed by Materials Transport as a truckdriver. On February 2, 1973, he was involved in a work-related accident in which an auto struck the rear of his truck. As a result of the accident, Kerchner exacerbated a prior work-related injury, suffering an acute lumbo cervical strain. He was hospitalized under the care of Dr. Robert Friedman and Dr. Edward White. He received compensation for this injury from February 2, 1973 through May 21, 1973. Kerchner signed a final receipt, dated May 25, 1973, and resumed his occupation as a truck driver with medical restrictions to avoid excessive bending, twisting, or straining. Although complaining regularly about his back to the company dispatcher, Kerchner continued working until February 27, 1974. He has not worked since reporting off sick on that day.

On March 11, 1974, Kerchner, complaining of constant pain, went to see Dr. Friedman. Dr. Friedman again called in Dr. White, and together they began to treat Kerchner for pains in his lower left extremities as well as for depression. After the treatment failed to alleviate the pain, Dr. Friedman, on August 19, 1974, performed a laminectomy and neurolysis at the level of the L-5-S1 roots with foraminetomy at the level of L-5. This surgery disclosed massive adhesions with the L-5 root completely buried in fresh adhesion formation.

On August 23, 1974, Kerchner filed a petition to set aside the final receipt of May 25, 1973. The ref-

eree dismissed this petition and denied compensation. In his conclusions of law, he stated:

. . . .

2. Claimant has proved by sufficient competent evidence that he is presently disabled with regard to engaging in and performing his occupation as a truck driver, and has been so disabled since on or before March 11, 1974, within the meaning of the Workmen's Compensation Act.

3. Claimant has failed to sustain his burden of proving that his present disability is causally related to his injury of February 2, 1973, as required by the provisions of the Act.

. . . .

Kerchner appealed, and the Workmen's Compensation Appeal Board affirmed the referee's Findings of Fact but vacated his Conclusions of Law. The Board held that the referee capriciously disregarded competent evidence and that his Conclusions of Law were not warranted in light of the evidence presented. The Board ordered the final receipt set aside and awarded compensation to Kerchner. Materials Transport appealed.

A claimant who seeks to set aside a final receipt must satisfy the provisions as set forth under Section 434 of the Workmen's Compensation Act.[1] It is clear that such require the claimant to sustain the burden of presenting clear and convincing evidence that "all disability due to the injury in fact had not terminated" at the time the final receipt was signed. *Rice v. A. Steiert & Sons, Inc.,* 8 Pa. Commonwealth Ct. 264, 301 A.2d 919 (1973).

Our scope of review here, where the decision of the fact-finder is adverse to the person having the bur-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1001.

den of proof, is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. *Cole Steel Equipment Corp. v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 454, 322 A.2d 743 (1974). In this instance the question upon which we focus is whether the referee capriciously disregarded competent evidence in arriving at his conclusions.

The evidence in question is centered on the medical testimony of Doctors Friedman and White. Specifically, Dr. Friedman testified that Kerchner was totally disabled from and after the accident of February 2, 1973; that in July of 1973 Kerchner saw Dr. Friedman for the persistence of pain in his back and leg; that this pain has continued until the present time; that prior to the accident of February 2, 1973, Kerchner had minimal back pain and was very functional; that after the accident his pain became continuous, unrelenting, and acute; and finally, that he did not know of any accident after February 2, 1973, which could have caused the adhesion at the L-5 level to bleed. In addition, Dr. White testified that the surgery required on August 19, 1974 and the present condition of Kerchner's spine as revealed by the surgery are directly related to the accident of February 2, 1973.

The record reveals that Materials Transport offered no medical evidence to rebut that given by Doctors Friedman and White. They also did not offer any evidence on the question of whether Kerchner's present condition was the result of something other than the injuries received in the accident of February 2, 1973. Though it is for the referee to weigh the evidence and determine the credibility of witnesses in hearings such as this, he may not deliberately disregard competent testimony and relevant evidence

which one of ordinary intelligence could not possibly have avoided in reaching a result. *DiCamillo v. City of Philadelphia,* 16 Pa. Commonwealth Ct. 402, 328 A.2d 223 (1974). The uncontradicted reports of the two medical witnesses were clear that the injury suffered by Kerchner on February 2, 1973 had not terminated upon his execution of the final receipt on May 25, 1973.[2] We must conclude therefore that the Board was correct in determining that the referee's findings could not be sustained without a capricious disregard of competent evidence. *See Ney v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 381, 327 A.2d 402 (1974). We affirm.

ORDER

AND Now, this 18th day of April, 1977, the order of the Workmen's Compensation Appeal Board granting compensation to Marvin L. Kerchner and remanding the case to a referee in the fourth compensation district for the purpose of calculating compensation, witness fees, and the costs of hospital, medical, and surgical services, is affirmed.

---

[2] Although Kerchner admittedly worked for a time after signing the final receipt, Materials Transport's own witness stated that during this period Kerchner complained to him almost daily of the pain in his back.