Betty Linkiewicz, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Firedown, Inc., Respondents.

Submitted on briefs, March 8, 1979, to Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Donald D. Doerr,* for petitioner.

*Fred C. Trenor,* for respondent.

OPINION BY JUDGE CRUMLISH, JR., July 27, 1979:

The Workmen's Compensation Appeal Board reversed a referee's award of compensation benefits to Betty Linkiewicz. We affirm the Board after a full review of the entire record.

Linkiewicz sustained an alleged work-related back injury on October 3, 1975, when she lifted a full keg of beer into a cooler. She immediately felt a "snap" in her back accompanied by intense pain.

At issue is whether she has produced unequivocal medical testimony establishing a causal relationship between the incident and disability. Generally, this is, an essential element where no obvious causation exists.[1] *See Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 307, 387 A.2d 683 (1978).

Crucial to Linkiewicz's claim is the medical testimony contained in the deposition of her treating physician, Dr. D. L. Bashline. He first examined her in November of 1963 when she complained of low back pain from a fall. Dr. Bashline again examined her on November 17, 1975, following the alleged work-related incident and after a diagnosis of spondylolisthesis,[2] he

---

[1] We are unable to say that claimant's injuries are immediately and directly, or naturally and probably, the result of lifting the beer keg, thus obviating the need for unequivocal medical testimony since she was treated for a similar back ailment before the work-related incident.

[2] Spondylolisthesis is the forward displacement of one vertebra over another.

employed surgical procedure in the nature of a wide decompression laminectomy.

Turning to Dr. Bashline's testimony:

Q Doctor, you say in your opinion that spondylolisthesis is a gradual occurring condition.

A It may be gradually occurring. It may occur as a postural problem with a period of time involved. It feasibly could occur at the time of a severe accident.

. . . .

Q And you say this condition does not appear overnight, spontaneously?

A No. Very rarely, unless there is very sudden stress, extremely heavy stress on the spine.

Q Now, in your opinion, would you say lifting 156 pounds could be enough stress to cause this?

A I would doubt it would cause a shift of the vertebrae, other than enough, perhaps, to aggravate something, but it wouldn't be the actual initial occurrence of it.

Q But the lifting of that 156 plus pounds could aggravate this condition?

A That is correct.

Q And her relation to you of how this came about would be consistent with an aggravation, is that correct?

A That is correct.

Q But not the actual cause?

A That is correct.

Considering that recorded dialogue and the entire record generally, including signed statements by two other examining physicians which disclaimed a work-related injury, we are satisfied that the referee erred

in law when he concluded the existence of a valid causal connection, and that the Board properly concluded the evidence did not support work-related aggravation of claimant's prior back injury.

It is axiomatic that where there is no obvious causal connection between an injury and the alleged cause, mere conjecture may not be substituted for unequivocal evidence in support of causation. *Westmoreland Casualty Co., supra.* One may easily and properly conclude from the record that the back ailment, spondylolisthesis, aggravated by obesity, existed prior to the Linkiewicz lifting incident.

Accordingly, we

ORDER

AND Now, this 27th day of July, 1979, the order of the Workmen's Compensation Appeal Board, docketed at No. A-73876, denying compensation benefits to Betty Linkiewicz is hereby affirmed.

___

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

In *Morgan v. Giant Markets, Inc.,* Pa. , 397 A.2d 415 (1979), where causal connection was not established by medical testimony, our Supreme Court declared:

Where one is doing an act that requires force or strain and pain is experienced at the point of force or strain, the injury may be found to have been established. Pain is an excellent symptom of injury.

Pa. at , 397 A.2d at 416.

It seems to me that the facts of the instant case fall within this rule and thus constitute substantial evidence to support the referee's finding of a causal connection. Moreover, the doctor's testimony, which the

majority thinks precludes recovery, suggests to me that the claimant's work may have aggravated a pre-existing condition, which would not, of course, defeat her right to compensation. *Workmen's Compensation Appeal Board v. State Workmen's Insurance Fund,* 19 Pa. Commonwealth Ct. 605, 339 A.2d 158 (1975).

I would therefore reverse the Board and reinstate the decision of the referee.