Raymond E. Ulmer, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Nazareth Hardware Company, Respondents.

Submitted on briefs October 3, 1979, to Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Dwight L. Danser,* for petitioner.

*Anthony C. Santore,* with him *Joseph F. Leeson,* for respondent.

Opinion by Judge Crumlish, Jr., December 11, 1979:

Raymond E. Ulmer was denied workmen's compensation benefits by a referee and the Workmen's Compensation Appeal Board on the grounds that the alleged accident was not reported to the employer within the required 120-day period.[1] He had been employed as a stock clerk by the Nazareth Hardware Company and allegedly suffered an injury to his left side while stacking lawn mowers in September of 1974. The record clearly tells us that his employer received no direct notice of the alleged injury until December of 1975, but Ulmer states that a fellow employee, whom he thought to be the store manager, was notified of the incident. Though claiming a lump appeared on the lower abdomen within several days, he continued to work in the same capacity, without medical attention, until March 11, 1976. On March 29th, Ulmer underwent an operation for a left direct inguinal hernia, and returned to work May 21, 1976.

Mr. Ulmer would ask this Court to hold the referee erred in finding that timely notice had not been served upon his employer and that the injury did not occur in the course of employment. We refuse to so hold.

Our scope of review in workmen's compensation cases is undisputed. If the party with the burden of proof below fails, the question on appeal is whether the referee capriciously disregarded competent evidence. *Lewis v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 70, 401 A.2d 863, 864 (1979). A "capricious disregard of competent evidence" indicates a willful and deliberate ignoring of evidence that a person of ordinary intelligence would deem important in reaching a decision. *Di-*

---

[1] Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631.

*Camillo v. City of Philadelphia,* 16 Pa. Commonwealth Ct. 402, 328 A.2d 223 (1974).

Section 313 of the Workmen's Compensation Act instructs that notice of a work-related injury must be given to "the immediate or other superior of the employe, to the employer, or any other agent of the employer regularly employed at the place of employment of the injured employe" within 120 days. 77 P.S. §633. The referee, accepting defense testimony, found that Ulmer notified a fellow employee who had certain departmental merchandising and purchasing responsibilities, but who was neither in a supervisory position nor authorized to accept notice of injuries for workmen's compensation purposes. Testimony also indicates that the fellow employee recalled no discussion concerning notice of an injury. Petitioner further takes the position that notice may be given to "anyone 'whose position justifies the inference that authority has been delegated to him by the employer, as his representative, to receive a report or notice of such accidental injury.'" *Canterna v. United States Steel Corp.,* 12 Pa. Commonwealth Ct. 579, 583, 317 A.2d 355, 357 (1974). The record fails to indicate the referee capriciously disregarded competent evidence in concluding that the employee in question did not occupy such a position either de facto or otherwise.

Addressing the second issue, the referee concluded and the Board affirmed the petitioner's failure to prove a work-related injury. It is settled that unequivocal medical evidence must be produced to establish a connection between injury and the alleged cause. Medical testimony which is less than positive or based on possibilities does not constitute legally competent evidence. *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 307, 309, 387 A.2d 683, 684 (1978). A

610

review of the record reveals not only that the medical testimony was equivocal by its assumption of both non-proven details and claimant's statements as true, but that 18 months had elapsed between the alleged injury and the doctor's examination. For these reasons, we are at a loss to identify a capricious disregard of competent evidence by the referee.

Accordingly, we

### ORDER

AND Now, this 11th day of December, 1979, it is ordered that the decision of the Workmen's Compensation Appeal Board be hereby affirmed, and that the appeal of Raymond E. Ulmer be hereby dismissed. Judgment is entered in favor of Nazareth Hardware Company.