Katherine B. George, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Sandson's on Main Street, Respondents.

Argued December 6, 1979, before Judges CRUMLISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*John W. DeWalt*, with him *Christopher Lepore* of *Cooper, Lepore & Dreeland*, for petitioner.

*Joseph F. Grochamel*, with him *Roy F. Walters, Jr.*, of *Fried, Kane, Walters & Zuschlag*, for respondents.

OPINION BY JUDGE CRUMLISH, JR., February 25, 1980:

The Workmen's Compensation Appeal Board, affirming the referee's decision, denied benefits to Katherine B. George on the grounds that supporting medical testimony was equivocal and failed to sustain the burden of proving a work-related injury.[1] We likewise affirm.

George, employed as a meat wrapper, was involved in an accident at work on February 4, 1977, when a stack of meat boxes toppled and struck her back. She later felt pain in her left leg, was examined by several physicians, underwent myelogram tests, and finally was admitted to a hospital on June 1, 1977, for crushed

---

[1] The Board affirmed the referee's findings as based on competent evidence within the bounds of *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

disc surgery. Petitioner was totally disabled from June 1st to October 16th of 1977, after which period she returned to work without disability.

It is well settled that where no obvious causal connection exists between a claimant's injury and alleged cause unequivocal medical evidence must establish a nexus between injury and the alleged cause. Medical testimony which is less than positive or based on mere possibilities does not constitute legally competent evidence. *Ulmer v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 607, 408 A.2d 902 (1979); *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 307, 309, 387 A.2d 683, 684 (1978).

George's medical testimony consisted of a causation supporting narrative report by Dr. Samuel Sherman, who examined petitioner and issued a report dated July 8, 1978, nine months following her return to work, absent disability, and 17 months after the accident. The employer's medical evidence consisted of a hospital discharge summary by her treating physician, Dr. Robert A. Holst, which related her back pains to some "unknown etiology."[2] With this evidence, the referee found petitioner had failed to prove that her disability was causally related to the February 4, 1977 injury.

Clearly, the burden of proof lies with the petitioner to show that she has suffered a compensable injury. *See Hudack v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 508, 510 n. 1, 379 A.2d 1074, 1075 n. 1 (1977). Where, as here, the party with the burden of proof below fails, the question for us to decide on appeal is whether the referee capri-

---

[2] Petitioner notes post-injury treatment by a Dr. Bradley and Dr. Holst, yet no medical evidence was submitted to the referee from those physicians relating to the causation issue.

ciously disregarded competent evidence.[3] *Lewis v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 70, 72, 401 A.2d 863, 864 (1979). The record fails to disclose evidence by which we could conclude that the referee capriciously disregarded such competent evidence of causation.

Accordingly, we

### ORDER

AND Now, this 25th day of February, 1980, the order of the Workmen's Compensation Appeal Board dated March 1, 1979, affirming the referee's order of July 24, 1978, denying benefits to Katherine B. George, is hereby affirmed.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DiSALLE did not participate in the decision in this case.

---

[3] A "capricious disregard of competent evidence" indicates a deliberate ignoring of evidence which a person of ordinary intelligence would deem important in reaching a decision. *See DiCamillo v. City of Philadelphia*, 16 Pa. Commonwealth Ct. 402, 328 A.2d 223 (1974).