Vulcan Materials Co., Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Albert L. Papa, Respondents.

Argued March 10, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Roy F. Walters, Jr.*, with him *Carl B. Fried, Fried, Kane, Walters* & *Zuschlag*, for petitioner.

*Robert B. Truel*, with him *Barbara Kern, Truel and Ploeger*, for respondent.

OPINION BY JUDGE MENCER, June 3, 1980:

In this workmen's compensation appeal, Vulcan Materials Co., Inc., contends that Albert L. Papa, Jr. (claimant) failed to present unequivocal medical

testimony to establish the requisite causal connection between his injury and disability. Both the referee and Workmen's Compensation Appeal Board (Board) granted total disability benefits to claimant, who twisted something in his back and experienced pain in his lower back and groin when lifting 11-pound drums at work on August 5, 1975. On the basis of *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979), the facts of which are almost identical to those presented here, we find that unequivocal medical testimony was not required to show causation because the causal connection was obvious. *See also Sacks v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 259, 402 A.2d 293 (1979). *But see Linkiewicz v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 485, 403 A.2d 1364 (1979).

> In *Morgan,* the Court held that
> [w]here one is doing an act that requires force or strain and pain is experienced at the point of force or strain, the injury may be found to have been established. Pain is an excellent symptom of an injury. Of course, the trier of fact will determine the credibility of the witness's testimony as to the total situation. We, therefore, find substantial competent evidence in the record to support the conclusion of the Workmen's Compensation Board of Appeals, that the above facts establish a causal connection between the work incident and appellant's injury.

483 Pa. at 424, 397 A.2d at 416.
The Supreme Court reached this conclusion despite the fact that Morgan had a history of prior back trouble to which his disability could have been attributed.[1]

---

[1] Although this fact was not mentioned by the Supreme Court, it was a factor in our earlier decision to deny compensation, *see*

Thus, claimant's own testimony, describing the accident and found credible by the referee, is substantial competent evidence to support the Board's award. Accordingly, we enter the following

ORDER

AND Now, this 3rd day of June, 1980, the order of the Workmen's Compensation Board of Review, dated May 10, 1979, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Albert L. Papa, Jr., and against Vulcan Materials Company, Inc., in the amount of $171 per week for the period beginning August 5, 1975 and extending to December 29, 1975, and beginning again on January 1, 1976 and extending until such time as the disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on all deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, Vulcan Materials Company, Inc., is directed to take a credit for the sickness and accident benefit payments made to claimant in the amount of $85 per week from January 6, 1976 to January 6, 1977.

Vulcan Materials Company, Inc., is further directed to reimburse claimant for the following medical expenses incurred by him:

| | |
|---|---|
| The Medical Center Brace Company | $ 38.50 |
| Montefiore Hospital — Treatment | 65.00 |
| James D'Antonio, M.D. — Treatment | 25.00 |
| Dr. Herbert Taubert | 55.00 |
| South Side Hospital — Treatment | 71.00 |

*Giant Markets, Inc. v. Morgan*, 28 Pa. Commonwealth Ct. 439, 368 A.2d 885 (1977), a decision which was reversed by the Supreme Court.

South Side Hospital — Physical Therapy    151.00
Drugs and Medication    13.75

Vulcan Materials Company, Inc., is also directed to reimburse claimant's attorney, John F. Ploeger, Esquire, for the following costs incurred by him on claimant's behalf:

Dr. Richard Jablonski — Deposition
    cost      $150.00
Pappas Court Reporters — Jablonski
    Deposition      48.20
South Side Hospital Records      24.00
Sewickley Valley Hospital Records      25.00
Copy of the Deposition cost of Dr.
    Minde      18.90

Finally, approved attorney's fees in the amount of 20 percent of the compensation awarded claimant are to be paid by claimant.