respect to his duty to request an extension of his leave of absence.

Pines Plaza Lanes and Aetna Life & Casualty Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Guy A. Young, Respondents.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Joseph F. Grochmal, Fried, Kane, Walters & Zuschlag,* for petitioners.

*Leonard A. DeJulio,* for respondent, Guy A. Young.

OPINION BY JUDGE BLATT, August 7, 1981:

Pines Plaza Lanes (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of disability benefits to Guy A. Young (claimant).

The claimant was employed as the night manager at the employer's bowling lanes when, on the night of September 24, 1976, he was assaulted by four armed men after he had closed the bowling lanes as he was entering his car at an adjacent parking lot. The claimant fell to the ground, knocking out some of his teeth, and was kicked by one of the assailants. One also threatened to beat him with a baseball bat. At some point during the attack the claimant was fired upon but not hit by one of the assailants who had a shotgun. As a result of severe emotional trauma following this incident, the claimant says that he is now partially disabled and that he had been totally disabled from December 15, 1976 to December 22, 1976 during which time he was forced to enter a hospital for treatment. The referee awarded disability benefits, the Board affirmed that decision and the employer appeals here.

The employer's first contention is that the claimant's physician's testimony concerning the cause of the claimant's disability was equivocal as a matter of law and that it cannot support the referee's finding that the incident of September 24, 1976 caused the claimant's disability.

It is well settled that, where no obvious causal relationship exists between the employee's injury and an alleged accident, unequivocal medical testimony is needed to establish the causal connection between the injury and the alleged cause, *Linkiewicz v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 485, 403 A.2d 1364 (1979), and medical testimony which is less than positive and is based on possibilities is equivocal and is, therefore, legally incompetent. *Ulmer v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 607, 408 A.2d 902 (1979).

The testimony of the claimant's physician, Dr. Robert Sutton, largely concerned the symptoms of the claimant's ailments rather than their cause. He testified, and the referee so found, that the claimant suffered from a severe emotional reaction which manifested itself as acute hypertension, neurosis and right hemiparesis, which is a partial paralysis of the right side caused by shock. As to the cause of the claimant's ailments, the testimony was as follows:

Q: Doctor, based upon your personal knowledge of [the claimant's] medical history, on your own examinations of him up to that point and based further upon reasonable medical certainty, did you feel that the symptoms exhibited by [the claimant] were related to the trauma on September 24, 1976?

A: Well, we did, to the point where we had him examined by a Dr. Charles, who is a psychologist from the Staunton Clinic. . . .

Dr. Sutton also testified that the claimant's rapid heart beat, or heart tachycardia, was caused by the mugging incident:

Q: And in your medical opinion, do you relate (heart tachycardia or rapid heart beat) to the trauma suffered on September, 1976?

A: It's all happened since that time and there is no other reason to blame it on, that I know of.

The physician's testimony does not contain statements which are uncertain or based on supposition or mere possibilities, and the testimony, though scant, is unequivocal.

The employer also contends that the claimant's injury did not arise in the course of his employment as is required for compensation eligibility. Section 301(c) (1) of The Workmen's Compensation Act (Act), 77 P.S. §411(1), provides in pertinent part: "The term 'injury by an act in the course of his employment,' . . . shall include . . . injuries sustained while the employe is *actually engaged* in the furtherance of the business or affairs of the employer. . . ." In line with this language, it has been established that an injury which is incurred while going to or from work is not compensable in the absence of special circumstances. *Workmen's Compensation Appeal Board v. Delcimmuto,* 23 Pa. Commonwealth Ct. 43, 350 A.2d 450 (1976). These "special circumstances" involve some effort on the part of the employe, requested by the employer, which is involved in either going to or coming from work. *Rabenstein v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 160, 325 A.2d 681 (1974).

Applying the law to the facts in this case, we believe that there are special circumstances which remove this case from the application of the general rule. The referee found that, after the claimant closed the employer's lanes, he would on occasion drive to a bank to deposit the employer's daily proceeds. The referee also specifically found that the assailants' purpose in attacking the claimant as he left the bowling alley was to steal those proceeds. Thus, although the claimant was not in the possession of the proceeds

when he was attacked, that work duty made him a continuous target for such an attack as he left work. By assigning the claimant a potentially hazardous work duty, the employer enlarged the claimant's "course of employment" to those times when that work duty created the risk of injury and the claimant was clearly exposed to such an increased risk as he left the lanes and walked the short distance to his car, which was parked in a lot adjacent to the lanes.[1] We will conclude, therefore, that the claimant was in the course of his employment when he was attacked and, accordingly, we will affirm the Board's award of benefits.

## ORDER

AND Now, this 7th day of August, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed and judgment is en-

---

[1] The referee did not make a finding concerning whether or not the claimant was on the employer's premises when he was attacked. Of course, when an employee suffers an injury on the employer's premises a reasonable length of time before or after work begins, the injury is compensable whether or not the employee was actually engaged in the employer's work. *Workmen's Compensation Appeal Board v. Levy*, 23 Pa. Commonwealth Ct. 658, 354 A.2d 7 (1976). We have held that an employee is on the employer's premises when he is injured at a common entranceway of the employer's building, even though the entranceway is not owned or controlled by the employer, but where the right of ingress or egress exists by virtue of the employer's lease. *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 465, 423 A.2d 792 (1980).

The testimony before the referee in the present case indicates that the claimant's car was parked just a few feet from the entrance of the employer's lanes in a lot owned by the shopping center of which the employer was a tenant. Having concluded that the referee properly found the claimant to be within his course of employment at the time of the injury, a finding that he was also on the employer's premises is unnecessary for our decision here, although that may well have been the case.

tered in favor of the claimant, Guy Young, in the following amounts:

The sum of $1,263 for the period of partial disability from September 25, 1976 to May 31, 1977; the sum of $7,116.30 for the period of total disability from June 1, 1977 to April 16, 1978; $124.33 to be paid weekly for the period of partial disability from April 17, 1978 continuing through the present day. Interest for deferred payments is allowed at the maximum statutory rate in accordance with the terms and limits of The Pennsylvania Workmen's Compensation Act. Of the aforesaid sums due the claimant, the petitioner and/or its insurance carrier is directed to deduct therefrom and pay to the claimant's attorney, Leonard A. DeJulio, 20 percent of all past, present and future sums due the claimant.

Judge MacPhail concurs in the result only.