Christy A. Burneisen, Petitioner *v.* Workmen's Compensation Appeal Board (Polk Center), Respondents.

Argued October 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Robert W. McFate, McFate, McFate, McFate, Williams & McFate,* for petitioner.

*Walter E. Werner, III,* for respondent, Polk Center.

OPINION BY JUDGE ROGERS, November 7, 1983:

Christy A. Burneisen, Jr., a workmen's compensation claimant, has appealed from an order of the Workmen's Compensation Appeal Board reversing a referee's decision awarding him compensation. The issue is that of whether the claimant met his burden of establishing by unequivocal medical testimony that the disability for which he seeks compensation is the result of a work-related injury.

The claimant was employed by Polk State School and Hospital when, on January 7, 1976, he suffered a work-related injury by being scratched on both wrists by a patient described as being covered with feces and urine. As the result of the injury, which became infected and was diagnosed as cellulitis, the claimant missed work from January 8, 1976 until January 27, 1976 and received compensation for that period pursuant to a notice for compensation payable. In February, 1976, the claimant was successfully treated for a disorder the symptom of which was a red line running from his thumb up his left arm. He missed no work as a result of this incident. The claimant continued to work without interruption until January 2, 1978 when he was hospitalized for what was diagnosed as pericarditis and myocarditis. Although he returned to work on February 27, 1978, he was readmitted to the hospital on April 15, 1978 because of recurring symptoms of what was then diagnosed as chronic constrictive pericarditis. He did not return to work until June 16, 1978.

A claim petition was filed by the claimant on January 25, 1979, in which he alleged that his disability from January 2, 1978 to February 27, 1978 and from April 15, 1978 to June 16, 1978 was the result of the

work-related injury which he had sustained on January 7, 1976. The medical evidence introduced by the claimant concerning the cause of his pericarditis in 1978 consisted of the reports of two physicians. Dr. Martin C. McHenry wrote:

.I feel sure that some form of infection in the past caused the chronic constrictive pericarditis. On the basis of our studies at the present time, it is not possible to say with certainty what germ it was that caused the infection.

Dr. R. M. Pilewski reported that his "impression" was that the claimant suffered from "[p]ericardial effusion with tamponade, etiology uncertain, most likely possibility would seem an infectious process perhaps reoccurrence of staphyloccocal [cellulitis] origin."

The referee found that the claimant's pericarditis was "a result of the infectious injury of January 7, 1976" and ordered that the claimant be paid compensation for total disability for January 2, 1978 through June 16, 1978, exclusive of February 28 to April 14, 1978. The Appeal Board reversed concluding that the medical evidence submitted by the claimant was "not sufficiently unequivocal to support an award."

Where there is no obvious causal relationship between an injury and work activity, a workmen's compensation claimant must establish the causal connection with unequivocal medical testimony. To meet this burden, the claimant must produce expert medical testimony that the claimant's condition in the expert's professional opinion did come from the work experience. It is not sufficient for the medical witness to testify that the claimant's condition might have been or probably was the result of the claimant's work. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board,*

Pa. , A.2d (No. 1965 C.D. 1981, filed September 15, 1983).

The claimant argues that because the infection he suffered as a result of his January 7, 1976 injury is the only infection mentioned in the record, the statements of Doctors McHenry and Pilewski unequivocally support the referee's finding that the 1976 injury was the cause of his pericarditis. Attempting to neutralize Dr. McHenry's statement that "it is not possible to say with certainty what germ it was that caused the infection," the claimant urges that the issue is the existence of the 1976 infection as the cause of the pericarditis and not what germ caused it. We agree that the precise identification of the germ responsible for the infection is not the issue. However, we are constrained to conclude that the statements of Doctors McHenry and Pilewski do not unequivocally establish that the infection the claimant suffered in 1976 after being scratched by a patient was in fact the cause of the pericarditis that he had in 1978. Dr. Pilewski stated that "perhaps" the 1976 infection caused the pericarditis and concluded that the "etiology [was] uncertain," Dr. McHenry concluded "that some form of infection in the past" caused the pericarditis. These expressions rise no higher than opinions suggesting that the disease might have been caused by the work-related injury and are insufficient for the purpose for which they were offered. See *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board, supra.*

Order affirmed.

ORDER

AND Now, this 7th day of November, 1983, the order of the Workmen's Compensation Appeal Board dated July 29, 1982, is hereby affirmed.