Joanne Ancheff Huddleson, Petitioner *v.* Workmen's Compensation Appeal Board (The Department of Military Affairs), Respondents.

Argued May 2, 1984, before Judges WILLIAMS, JR., BARRY and PALLADINO, sitting as a panel of three.

*Paul L. Zeigler, Goldberg, Evans & Katzman, P.C.,* for petitioner.

*Charles F. McElwee,* with him, *Paul Du Fallo,* for respondent, Department of Military Affairs, et al.

OPINION BY JUDGE WILLIAMS, JR., July 13, 1984:

Joanne Ancheff Huddleson (claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which reverses a referee's decision finding her eligible for workmen's compensation

benefits. For the following reasons, we affirm the Board's order reversing the referee and denying benefits.

Claimant was employed by the Department of Military Affairs (employer) as a custodian at the National Guard Armory located on Route 209 in Williamstown, Dauphin County. On May 26, 1978, claimant injured her back while working at the Armory. The injury occurred when claimant attempted to lift a bucket of water to empty it, felt a pain in her back, spilled the water onto the concrete floor, slipped and fell on her back. Claimant was treated by Dr. John H. Atland, a chiropractor, for this injury from May 27, 1978 through December 15, 1978. Dr. Atland had released claimant for light clerical work as of October 2, 1978. Claimant last worked for employer on August 18, 1978 and has not been steadily employed since that time.

Dr. Atland next saw claimant on January 21, 1980 at which time claimant had the same complaints as she did following the May 26, 1978 incident. On February 4, 1980, Dr. Atland suggested claimant consult with an orthopedic specialist. On May 12, 1980, claimant was admitted to the Polyclinic Medical Center and at that time told the admitting physician that two days prior, on May 10, 1980, she had bent over to pick up her child out of a crib and developed lower back pain shortly thereafter. Claimant was operated on for her back on May 22, 1980 and was discharged on May 27, 1980.

Claimant filed a claim for workmen's compensation benefits pursuant to the Pennsylvania Workmen's Compensation Act (Act)[1] on July 11, 1980. After a hearing, a referee granted claimant benefits of $107.00 per week commencing May 26, 1978 with the employer

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1601.1.

to reimburse claimant or claimant's insurance carrier for medical bills of record. The employer appealed to the Board alleging the referee's findings were not supported by substantial evidence.[2] The Board sustained the employer's appeal and reversed the referee's award of benefits. Claimant then petitioned this Court for review.

The sole issue presented by claimant on appeal is whether the Board erred in disregarding the findings of fact of the referee. Under the 1972 amendment to Section 423 of the Law, 77 P.S. §854, the Board is bound by the referee's findings of fact unless the referee's findings are not supported by competent evidence. Only where the referee's findings of fact are not supported by competent evidence may the Board substitute its own findings. *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board (Krawczynski)*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Here, the Board specifically found there was insufficient competent evidence in the record to support the referee's findings that claimant's alleged disability

---

[2] The employer challenged the referee's findings of fact numbers three, five, seven and eight which are as follows:

3. Claimant sought medical treatment for her back and visited Dr. Atland, a doctor of chiropractic. She received treatment from Dr. Atland over a period of time.

5. The doctor continued to treat the claimant and noted improvement. However, in 1980, he saw the claimant in worse condition then she was when originally seen. He advised the claimant to have a consultation with a medical doctor. Dr. Atland felt that the symptoms in 1980 were from the same injury, that is, from the 1978 work injury.

7. Claimant at this time is unable to perform her previous duty. She is permanently disabled and has physical limitations on the activities she can perform.

8. The medical evidence established an aggravation of the prior injury.

was caused by the 1978 accident at work. The Board based its reversal upon the lack of any unequivocal medical testimony linking claimant's alleged disability to her work accident. The Board also noted there was some indications that the injury may have been aggravated by an incident in claimant's home.

Our scope of review, where the party with the burden of proof prevailed before the referee and the Board took no additional evidence is limited to whether or not constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence, leaving questions of evidentiary weight and credibility to the referee. *Workmen's Compensation Appeal Board v. Philco Ford Corp.*, 27 Pa. Commonwealth Ct. 298, 366 A.2d 620 (1976).

The employer contends that claimant was required to provide unequivocal medical testimony to establish the causal connection between the accident and her alleged disability. Normally, where there is no obvious causal connection between a claimant's injuries and the alleged cause, unequivocal medical testimony is required. *Myers v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.)*, 67 Pa. Commonwealth Ct. 603, 447 A.2d 1094 (1982). However, where a claimant's injuries are immediately and directly, or naturally and probably, the result of an accident, the referee is not required to depend upon medical testimony alone, or at all, to find the causal connection. *Yellow Cab Co. v. Workmen's Compensation Appeal Board (Sisco)*, 37 Pa. Commonwealth Ct. 337, 390 A.2d 880 (1977); *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp.*, 22 Pa. Commonwealth Ct. 437, 349 A.2d 529 (1975).

After a review of *Yellow Cab Co.* and *Bethlehem Mines* we believe that this case does not come within

the latter rule and that unequivocal medical testimony was required. In *Yellow Cab Co.* the claimant was involved in an automobile accident in which he suffered a head injury. He immediately began to experience headaches and dizziness which persisted until, one month later, he blacked out and surgery was determined to be necessary to drain the hematoma in his head. In *Bethlehem Mines* the claimant who had suffered a prior back injury was again struck in the back and pinned against a plank for a short time. Upon being released, he complained of back pain but worked the rest of the day and for two or three months thereafter despite persistent back pain. It was subsequently determined that surgery was necessary to remove two herniated discs in the claimant's back.

Claimant's alleged disability is easily distinguishable from *Yellow Cab Co.* and *Bethlehem Mines.* Claimant had an accident on May 26, 1978 and immediately sought treatment from a chiropractor for the back pain she experienced. However, claimant remained employed until August 18, 1978 and discontinued chiropractic treatments on December 15, 1978. Thereafter claimant sought no treatment until January 21, 1980 when she again sought chiropractic treatments for an alleged worsening of her back condition. The chiropractor, Dr. Atland, testified claimant had improved up to December 15, 1978 and was in worse shape on January 21, 1980 but not as bad as in May of 1978. Claimant discontinued chiropractic treatments on February 4, 1980. The next recorded medical treatment sought by claimant was on May 12, 1980 when she was admitted to the hospital. At that time she told the attending physician that she had an incident at her home two days earlier when she had bent over to pick up a child out of a crib. Claimant was operated on for a herniated disc on May 22, 1980. Due

to the lapse of nearly two years from the accident until the medical treatment was obtained and the existence of a possible aggravating incident at home, we cannot say the injuries for which claimant was operated upon on May 22, 1980 were the natural and probable result of the May 26, 1978 accident. Therefore, unequivocal medical testimony is required to establish the causal connection between claimant's injuries and the May 26, 1978 accident.

The medical testimony presented by claimant is insufficient to support a finding of causal connection. Dr. Atland, the chiropractor, testified he "felt" the 1978 injury was related to the May 1978 accident but could only relate the 1980 complaint to the 1978 accident by virtue of claimant's complaints being the same. Dr. Rychak, the orthopedic surgeon, testified that claimant's injuries very possibly could have been caused by claimant's accident on May 26, 1978. Dr. Rychak stated that he could not be any more specific than that, although Dr. Rychak was willing to say, in light of claimant's medical history, the 1980 injury was to a reasonable certainty an aggravation of an existing injury rather than a new injury. This testimony of Dr. Atland and Dr. Rychak is less than positive or unequivocal and does not meet the legal standard of unequivocal medical evidence. *See George v. Workmen's Compensation Appeal Board (Sandson's on Main Street)*, 49 Pa. Commonwealth Ct. 435, 411 A.2d 294 (1980). Testimony which is based upon mere possibilities is clearly insufficient. *Id.* at 437, 411 A. 2d at 295.

Claimant bears the burden of proof in proving a compensable injury, *See Hudack v. Workmen's Compensation Appeal Board (Livingston Club)*, 32 Pa. Commonwealth Ct. 508, 379 A.2d 1074 (1977), and by failing to produce unequivocal medical evidence the

claimant did not meet this burden. Accordingly, we must affirm the Board's order reversing the referee's decision and denying workmen's compensation benefits.

ORDER

AND Now, the 13th day of July, 1984, the order of the Workmen's Compensation Appeal Board at No. A-81757, dated May 13, 1982, sustaining the appeal of the Department of Military Affairs and reversing the decision of the referee is hereby affirmed.