IN THE COMMONWEALTH COURT OF PENNSYLVANIA

PetSmart, Inc. through Indemnity : 
Insurance Company of North America and :
Sedgwick Claims Management :
Services, Inc., :
                    Petitioners :
                    :
        v. :
                    :
Workers' Compensation Appeal :
Board (Sauter), : No. 85 C.D. 2019
                    Respondent : Submitted: May 10, 2019

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED:  August 15, 2019

        PetSmart, Inc., through Indemnity Insurance Company of North America and Sedgwick Claims Management Services, Inc. (Employer), petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) June 5, 2018 order affirming the WC Judge's (WCJ) decision granting John Sauter's (Claimant) Claim Petition.  Employer presents two issues for this Court's review: (1) whether the WCJ erred in granting Claimant's Claim Petition; and (2) whether the WCJ capriciously disregarded substantial competent evidence.

        On August 31, 2015, Claimant sustained an injury while working for Employer and notified Employer on that same date.  On September 21, 2015, Employer issued a Notice of WC Denial.  On September 22, 2015, Claimant filed the Claim Petition alleging that he sustained a work-related low back injury on August

31, 2015. Also on September 22, 2015, Claimant filed a penalty petition.[1] On September 30, 2015, Employer filed an answer to the Claim Petition, therein denying all of Claimant's material averments. On September 8, 2016, Claimant filed a second penalty petition (Penalty Petition) alleging that Employer unreasonably failed to accept Claimant's work-related injury and to pay wage-loss and medical benefits, even though Employer's independent medical examination doctor acknowledged that Claimant was injured. On September 9, 2016, Employer filed an answer generally denying the Penalty Petition. A WCJ hearing was held on January 12, 2016.[2]

On March 23, 2017, the WCJ granted Claimant's Claim Petition determining that Claimant's work injury was discogenic low back pain and nerve symptomology of indeterminate etiology. The WCJ awarded Claimant full disability benefits from September 4, 2015 and ongoing, plus a 50% penalty from September 4, 2015 through March 21, 2016, because Employer failed to accept the work-related injury. Employer appealed to the Board. On June 5, 2018, the Board affirmed the WCJ's decision granting the Claim Petition, reversed the WCJ's decision granting the Penalty Petition, and remanded the matter for a hearing on reasonable contest attorney's fees. Employer appealed to this Court, which subsequently dismissed the appeal as interlocutory.

On November 6, 2018, the WCJ determined that since Employer had a reasonable basis for contesting the Claim Petition, Claimant was not entitled to unreasonable contest attorney's fees. Employer appealed to the Board seeking an order rendering the Board's June 5, 2018 order final so it could appeal to this Court.

---

[1] The September 22, 2015 penalty petition was subsequently withdrawn.
[2] Presumably, the record was left open until after the last medical expert's deposition on June 13, 2016.

On January 9, 2019, the Board granted Employer's request. Employer appealed to this Court.[3]

Employer first argues that the WCJ erred in granting Claimant's Claim Petition because Claimant failed to meet his burden of proof. Specifically, Employer contends that Claimant's medical evidence was equivocal because his expert opined that Claimant's injury was of indeterminate etiology and he presumed the injury was work-related.

Initially,

> [i]n a claim petition, the claimant must prove all elements necessary to support an award of benefits. The claimant must prove that he sustained a work injury which resulted in disability, *i.e.*, a loss of earning power. Unless the causal connection between an injury and disability is obvious, unequivocal medical evidence is needed to establish that connection.

*Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Servs., Inc.)*, 126 A.3d 394, 402 (Pa. Cmwlth. 2015) (citations omitted).

> Medical testimony will be found unequivocal if the medical expert, after providing a foundation, testifies that in his professional opinion that he believes a certain fact or condition exists. Medical testimony is equivocal if, after a review of a medical expert's entire testimony, it is found to be merely based on possibilities. Medical testimony will be deemed incompetent if it is equivocal. Whether medical testimony is equivocal is a question of law subject to plenary review.

*Campbell v. Workers' Comp. Appeal Bd. (Pittsburgh Post Gazette)*, 954 A.2d 726, 730 (Pa. Cmwlth. 2008) (citations omitted).

---

[3] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

3

Here, Claimant's treating physician I. Stanley Porter, M.D. (Dr. Porter) testified:

> Q. And, Doctor [Porter], at the March 9, 2016 visit, based upon the updated history, the examination findings that date, and your review of the MRI disc, did you have an opinion to a reasonable degree of medical certainty as to [Claimant's] diagnosis as of that date?
>
> A. I thought he had discogenetic [sic] low back pain, as well as **nerve symptomatology of indeterminate etiology** at that time.
>
> Q. And to a reasonable degree of medical certainty, was [Claimant's] diagnosis causally related to his alleged work injury of August 31, 2015?
>
> A. **That was my presumption**, yes.

Reproduced Record (R.R.) at 54a-55a (emphasis added). Based on the above, the WCJ concluded: "Claimant has sustained his burden of prov[ing] by substantial, competent and credible evidence that he sustained a work[-]related injury on August 31, 2015 in the nature of discogenic low back pain and nerve symptomatology of indeterminate etiology." WCJ Dec. at 5, Conclusion of Law (COL) 2.

With respect to the "nerve symptomatology of indeterminate etiology[,]" *id*., "[i]ndeterminate" is defined as "[n]ot definite, distinct, or precise; impossible to know about definitely or exactly." Black's Law Dictionary 889 (10th ed. 2014). "Etiology" is defined as "[t]he cause of a disorder or disease as determined by medical diagnosis." Webster's II New College Dictionary 394 (3d ed. 2008). Thus, Dr. Porter testified that it is impossible to know the cause of the nerve symptology.

This Court has held that the uncertain etiology of an infection was insufficient to meet the claimant's burden of proof. *Burneisen v. Workmen's Comp. Appeal Bd. (Polk Center)*, 467 A.2d 400 (Pa. Cmwth. 1983). The expressions "etiology [was] uncertain," and "perhaps," "rise no higher than opinions suggesting

4

that the disease might have been caused by the work-related injury and are insufficient for the purpose for which they were offered." *Id.* at 402; *see also George v. Workmen's Comp. Appeal Bd.*, 411 A.2d 294 (Pa. Cmwlth. 1980) (claimant's treating physician's summary referencing her back pains' unknown etiology failed to meet claimant's burden of proof).

Relative to the discogenic low back pain, Dr. Porter opined that Claimant's x-rays revealed only "mild degenerative changes at L-4 L-5." R.R. at 49a. Dr. Porter ordered an MRI based on Claimant's self-reported history and symptoms. Prior to the MRI, Dr. Porter believed Claimant had "low back pain with sciatic right side[,]" *id.*, but after the MRI, Dr. Porter related that Claimant had discogenic low back pain and nerve symptomatology of indeterminate etiology. R.R. at 54a. However, Dr. Porter never provided a foundation for the changing diagnosis being causally work related, other than his "presumption." R.R. at 55a.

This Court recognizes "that there are no 'magic words' a medical expert must say to establish causation and reviewing bodies are not permitted to pick one or two sentences out of context – rather, the testimony as a whole must contain a requisite level of certainty necessary to deem it unequivocal." *Moyer v. Workers' Comp. Appeal Bd. (Pocono Mountain Sch. Dist.)*, 976 A.2d 597, 599 (Pa. Cmwlth. 2009). Dr. Porter stated the nerve symptomatology was of "indeterminate etiology" and it was his "presumption" that Claimant's "diagnosis" was work related. R.R. at 54a-55a. "These expressions rise no higher than opinions suggesting that [Claimant's diagnosis] might have been caused by the work-related injury and are insufficient for the purpose for which they were offered." *Burneisen*, 467 A.2d at 402. Therefore, this Court is constrained to conclude that Dr. Porter's statements do not unequivocally establish that the back pain or nerve symptomatology Claimant suffered was in fact a result of the alleged work injury.

Employer further claims that Dr. Porter's opinion was incompetent because he did not review the surveillance video showing Claimant performing yard work and building a deck off the back of his house within a week of his alleged injury; Claimant's MedExpress notes which documented Claimant's initial treatment following his alleged injury; or Claimant's primary care physician's records showing Claimant's condition prior to the alleged injury. However, because Dr. Porter's causation testimony was equivocal, Dr. Porter's testimony was incompetent, *Campbell*; thus, this Court need not address this issue.

In sum, because Dr. Porter's testimony did not provide competent evidence supporting the WCJ's determination, Claimant failed to meet his burden of proof, and the WCJ erred by granting Claimant's Claim Petition.[4]

For all of the above reasons, the Board's order is reversed.

_____
ANNE E. COVEY, Judge

---

[4] Because this Court determined that Claimant did not meet his burden of proving a compensable injury, it does not reach Employer's second issue.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

PetSmart, Inc. through Indemnity :
Insurance Company of North America and :
Sedgwick Claims Management :
Services, Inc., :
                       Petitioners :
                               :
             v. :
                               :
Workers' Compensation Appeal :
Board (Sauter), :      No. 85 C.D. 2019
                 Respondent :

## O R D E R

AND NOW, this 15th day of August, 2019, the Workers' Compensation Appeal Board's June 5, 2018 order is reversed.

_____
ANNE E. COVEY, Judge